**Ramon BARBOSA, Plaintiff,**

v.

**Richard S. SCHWEIKER, as Secretary of the United States Department of Health and Human Services, Defendant.**

**No. 81 Civ. 6629 (KTD).**

United States District Court, S.D. New York.

Oct. 12, 1982.

John C. Di Pirro, Middletown, N.Y., for plaintiff.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for defendant; Stephen A. Dvorkin, Asst. U.S. Atty., Annette H. Blum, Regional Atty., Dept. of Health and Human Services—Region II, Michael Noorigian, Asst. Reg. Atty., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Petitioner Ramon Barbosa brings this action under the Social Security Act, 42 U.S.C. §§ 405(g) (1976 & Supp. IV 1980) and 1383(c)(3) (1976), to review a final decision of the Secretary of the Department of Health and Human Services ("the Secretary") denying plaintiff's applications for disability and disability insurance benefits and Supplemental Security Income ("SSI") benefits. Both plaintiff and defendant have moved for judgment on the pleadings pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) and Fed.R.Civ.P. 12(c).

### I.

Ramon Barbosa is 45 years old and lives with his wife and their four dependent children. He attended schools in Puerto Rico,

initially completing ninth grade and subsequently passing a high school equivalency test. From 1977 to 1979 Mr. Barbosa was employed by the Strick Corporation as an assembler of trailer roofs. Prior to this time he held several other manual labor positions with various companies. In August 1979, at the age of 43, Mr. Barbosa left his job at the Strick Corporation unable to perform even the light-duty work assigned to him because of pain and weakness in both of his hands and breathing difficulties. He has not returned to work since that time.

Mr. Barbosa initially filed applications for disability insurance benefits and SSI benefits in November 1979, alleging that he had been unable to work since November 8, 1978, because of an injury to both hands diagnosed as bilateral carpal tunnel syndrome. Both claims were rejected in February 1980. In April 1980, Mr. Barbosa filed a request for a reconsideration of his claims submitting new medical evidence concerning his asthma condition and certain emotional difficulties. Mr. Barbosa then was examined by a state-appointed psychiatrist and an internist who concluded that these additional disabilities did not preclude normal work-related activities, and therefore, both disability insurance benefits and SSI benefits were denied again.

A hearing was held upon Mr. Barbosa's request on February 18, 1981, before Administrative Law Judge ("ALJ") Edward Steinman. At the hearing, Mr. Barbosa's testimony and other medical evidence revealed that Mr. Barbosa has required treatment for bronchial asthma, chronic obstructive pulmonary disease, dupuytren's syndrome, and pain. The ALJ found, however, that claimant's assertions of disabling pain were not consistent with the medical evidence and as such were not credible. The ALJ concluded that based on his findings regarding claimant's age, education, past work experience, and residual functional capacity the claimant was not disabled under Social Security Regulations §§ 404.1569 and 416.969 and Rules 201.24, 201.25 and 201.26, Table No. 1 of Subpart P, Appendix 2. 20 C.F.R. §§ 404.1569 and 416.969 and Subpart P, Appendix 2.

The ALJ's decision was approved by the Appeals Council on August 31, 1982. Additional medical evidence submitted to the Appeals Council for its consideration was made a part of the record.

## II.

■ The function of this court on reviewing the Secretary's final decision is not to retry the claim but rather, to determine whether the Secretary's decision is supported by substantial evidence on the record. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971). If the decision is supported by substantial evidence—that is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales,* 402 U.S. at 401, 91 S.Ct. at 1427 *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)—then the decision of the Secretary must be upheld.

In order for an individual to be entitled to disability insurance benefits or SSI benefits, he must prove that he is disabled, defined in the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (1976). The "impairments [must be] of such severity that he is not only unable to do his previous work but cannot considering his age, education and work experience, engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(2)(A) (1976).

■ The initial burden of proving that a disability exists rests upon claimant. 42 U.S.C. § 423(d)(5) (1976 & Supp. IV 1980); *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir. 1980). The ALJ found that Mr. Barbosa had met this burden; Mr. Barbosa's medical condition precluded his return to his previous work as a trailer assembler. Finding

No. 4, Record at 25. Once the claimant has proven his inability to work at his former job, the burden of producing evidence shifts to the Secretary who must demonstrate the existence of available employment consistent with the particular claimant's impairment. *Parker v. Harris,* 626 F.2d at 231.

In order to meet this burden of proof under existing Social Security Administration Regulations, the Secretary first must establish claimant's "residual functional capacity" to perform work. 20 C.F.R. §§ 404.1501–1598. In the present case the Secretary presented medical evidence upon which the ALJ concluded that claimant had the residual ability to perform "sedentary" work.[1] The ALJ then determined on the basis of Barbosa's age, education, work experience, and residual functional capacity to perform sedentary work that Barbosa was "not disabled" according to the regulation's medical-vocational guidelines. Finding No. 9, Record at 25.

Barbosa questions two aspects of this conclusion by the ALJ. First he asserts that the ALJ's finding that Barbosa has the residual capacity to perform sedentary work is not supported by substantial evidence. Second, petitioner claims that it was error for the ALJ to rely solely on the medical-vocational guidelines in reaching his "not disabled" conclusion. I hold that there was substantial evidence on the record to support the ALJ's residual functional capacity finding. However, on the basis of the recent Second Circuit opinion in *Campbell v. Secretary of Dept. of Health,* 665 F.2d 48 (2d Cir. 1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 2956, 73 L.Ed.2d 1348 (1982), I find that the ALJ erred in relying solely on the medical-vocational guidelines in denying benefits to Mr. Barbosa. A complete discussion of each issue follows.

III.

A. The finding of residual functional capacity

■ The ALJ's finding that Barbosa had the residual functional capacity to perform sedentary work is supported by substantial evidence in the record. For example, the claimant's own physician, Dr. deRamon, indicated that Mr. Barbosa's physical impairments did not preclude him from using his hands for simple grasping, fine manipulation, and for carrying objects up to five pounds. Record at 186. The examination reports of other doctors also support the ALJ's conclusion. Dr. Ruthberg conducted tests of claimant's pulmonary disease that showed a reduced vital capacity, but which did not yield values satisfying the regulatory criteria. Dr. Petrus found the claimant oriented to time and place, and exhibiting no signs of a mood or thought disorder. This medical evidence, other medical evidence on the record, claimant's testimony, and the ALJ's determinations of credibility and weight concerning this evidence are substantial evidence to support the ALJ's finding.

Claimant, however, cites a second ground for overturning this finding: additional or new evidence not considered by the ALJ. This evidence consists of two letters. One letter is from a doctor concerning plaintiff's bronchial asthma; the other letter, also from a doctor, concerns the condition of plaintiff's hands. The information in these letters, however, is similar to the information already in the record upon which the ALJ based his findings. The new evidence does not demonstrate any further impairment that would produce greater functional restrictions than those previously identified. This "new" evidence, therefore, is merely cumulative, and is not grounds for reversal or remand.

---

1. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

B. Reliance on the medical-vocational guidelines alone

After the determination is made that Mr. Barbosa is capable of performing sedentary work, the regulations require a showing that there are available jobs in the national economy "suitable for a claimant with these capabilities and skills." *Decker v. Harris,* 647 F.2d 291, 294 (2d Cir. 1981). The medical-vocational guidelines in the regulations were adopted by the Social Security Administration to assist the Secretary in making showings of this type. *See* 20 C.F.R. Subpart P, Appendix 2. These guidelines use various factors in suggesting a disability determination, such as the claimant's residual functional capacity, age, education, and work experience. The "not disabled" determination from these factors implicitly assumes that there are jobs available for the claimant with the given characteristics. In the instant case the ALJ applied the medical-vocational guidelines to Mr. Barbosa and found him not disabled. *See* 20 C.F.R. Subpart P, Appendix 2, Table No. 1, Rules 201.24, 201.25, 201.26.

In relying solely on the medical-vocational guidelines to make the disability determination, the ALJ did not identify specific jobs within the national economy that Mr. Barbosa would be capable of performing. In *Campbell v. Secretary of Dept. of Health, supra,* the Second Circuit held that a disability decision based solely on the medical-vocational guidelines is inadequate.[2] The Secretary is required "to specify a few suitable alternative available types of jobs at the disability hearing so that a claimant is given an opportunity to show

that [he] is incapable of performing those jobs." *Id.* at 54.

Mr. Barbosa was not given the opportunity to proffer evidence that he was incapable of performing specifically identified jobs in the national economy.[3] Accordingly, I remand this case to the Secretary for further proceedings consistent with this opinion. Until such further proceedings this matter is to be placed on the Suspense docket of this Court.

SO ORDERED.

---

2. In fact, the guidelines themselves indicate that strict adherence to the various rules is not warranted when the claimant's disability "significantly compromises the only range of work for which the individual is otherwise qualified." 20 C.F.R. Subpart P, Appendix 2 § 201(h). *See infra* note 3. In this situation the guidelines require that a determination of disability be made after a consideration of what kinds of jobs or types of work may be either additionally indicated or precluded by the specific facts. 20 C.F.R. Subpart P, Appendix 2 § 200(b).

3. In Mr. Barbosa's case a showing of available jobs is particularly relevant because he is not capable of performing a full range of sedentary work. In the guidelines it is noted that approximately 85 percent of the unskilled jobs in the sedentary classification are in the machine trade and benchwork occupational categories. 20 C.F.R. Subpart P, Appendix 2 § 201(a). In most of these types of jobs use of hands would be required. Mr. Barbosa's primary disability, however, is to his hands, and thus he would not qualify for many of these administratively noticed jobs.